W. E. FERGUSON v. J. M. BALLENGER AND WADE BALLENGER, TRADING AS BALLENGER BROTHERS, AND BALLENGER BROTHERS COAL COMPANY, A CORPORATION.

(Filed 1 May, 1935.)

APPEAL by defendants from *Sink, J.,* and a jury, at October Term, 1934, of MECKLENBURG. No error.

This is an action brought by plaintiff: (1) To recover of defendants J. M. Ballenger and Wade Ballenger, trading as Ballenger Brothers, the sum of $480.00, and interest from 24 June, 1929, due by lease contract. (2) That Ballenger Brothers Coal Company, a corporation, was organized fraudulently to defeat plaintiff's claim, and took over the assets of Ballenger Brothers, and "that the plaintiff be entitled to follow the said property into the corporation and have judgment against the corporation for the amount of his claim." The defendants denied the material allegations of the plaintiff and set up a different contract from that alleged by plaintiff.

The issues submitted to the jury and their answers thereto were as follows: "(1) Is the paper-writing dated 24 June, 1927, designated as

plaintiff's Exhibit No. 1, between Seaboard Air Line Railway Company, a corporation of Virginia, designated therein as lessor, and W. E. Ferguson, individually, J. M. Ballenger and Wade Ballenger, partners, doing business as Ballenger Brothers, in fact a lease to W. E. Ferguson, individually, and J. M. Ballenger and Wade Ballenger, doing business as Ballenger Brothers, as sub-lessees of W. E. Ferguson, individually, as alleged in the complaint? A. 'Yes.' (2) Did Ballenger Brothers, Incorporated, assume the assets and liabilities of Ballenger Brothers, a partnership, without having retained in the firm of Ballenger Brothers, a partnership, sufficient assets to pay its debts, as alleged in the complaint? A. 'Yes.' (3) What amount, if any, is the plaintiff entitled to recover of Ballenger Brothers, a partnership? A. '$480.00, with interest from 24 June, 1929.' (4) What amount, if any, is the plaintiff entitled to recover of Ballenger Brothers, Incorporated? A. '$480.00, with interest from 24 June, 1929.' "

Judgment was rendered for plaintiff by the court below on the verdict. The defendants made numerous exceptions and assignments of error, and appealed to the Supreme Court.

*G. T. Carswell and Joe W. Ervin for plaintiff.*
*D. E. Henderson for defendants.*

PER CURIAM. We see no novel or new proposition of law involved in this appeal. The evidence was to the effect that Ballenger Brothers were tenants of plaintiff. They held over after the year expired and became tenants from year to year. They remained in possession and became liable for the year's rent. The principle, well settled under the facts and circumstances of this case, is that a tenant cannot dispute his landlord's title. The defendants Ballenger Brothers, in the execution of the lease, did not allege fraud or mistake and parol evidence was incompetent to contradict, add to, modify, or explain the written instrument.

The evidence fully sustains the verdict on the second issue that defendants Ballenger Brothers Coal Company, a corporation, were liable *ex maleficio.* The matters involved in the controversy were mainly facts for the jury's determination. They have found for the plaintiff. Upon an examination of the exceptions and assignments of error made by defendants, we can find no prejudicial or reversible error. In the judgment of the court below, we find

No error.